**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DAVID HANSON and ELIZABETH
HANSON**                                                                                            **PLAINTIFFS**

**V.                              CASE NO. 4:10CV00318 BSM**

**WELLS FARGO HOME MORTGAGE**                                                **DEFENDANT**

Defendant, Wells Fargo Home Mortgage, moves to dismiss the complaint of plaintiffs David Hanson and Elizabeth Hanson (Doc. No. 2). Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.,* and common law breach of contract (Doc. No. 1). Plaintiffs consent to dismissal of its FDCPA claim; however, plaintiffs oppose dismissal of their common law breach of contact claim (Doc. No. 6). Plaintiffs also move to amend their complaint (Doc. No. 9) and for hearing on the motion to dismiss (Doc. No. 11). For the reasons stated below, defendant's motion to dismiss (Doc. No. 3) is granted as to plaintiffs' FDCPA claims and is denied as to plaintiffs' breach of contract claim. Plaintiffs' motion to amend (Doc. No. 9) is granted and plaintiffs' motion for hearing (Doc. No. 11) is denied.

I. ALLEGATIONS

Plaintiffs are husband and wife that at sometime prior to 2008 entered into a mortgage agreement ("original agreement") with defendant. Plaintiffs made all regularly scheduled mortgage payments under the original agreement until April 2009, when they began having financial trouble. Compl. ¶ 7. On April 28, 2009, plaintiffs applied for the Home Affordable Modification Program ("HAMP"). HAMP is a federal program, administered by the United

States Treasury Department, that allows eligible mortgagors to contract with their respective mortgagees to modify their mortgage agreements to lower their monthly payments. Defendant's motion to dismiss 8, fn. 1 ("Def.'s Mot.")(Doc. No. 3); Agreement. Plaintiffs allege that on June 13, 2010, defendant, through its agents, orally assured them that their application had been accepted, that they did not have to make their April and May payments under the original agreement, and that there credit history would not be negatively affected by their April and May nonpayment. Plaintiffs allege that under the terms of the agreement, they were required to make reduced monthly mortgage payments of $1,981.47 beginning June 1, 2010.

Plaintiffs allege that on June 20, 2009, defendant, through its agent, informed them that their modification had not been approved and that their credit history had been negatively affected by their April and May nonpayment. Plaintiffs further allege that defendant continued to demand additional financial information and past due payments due under the original agreement. Plaintiffs allege that on January 16, 2010, defendant sent an updated modification agreement which included an increased mortgage payment and principle balance. Further, on April 4, 2010, defendant sent a demand letter for payment of the arrearage in the amount of $10,765, owing under the original agreement or face acceleration and foreclosure. From June 1, 2009, until the present, plaintiffs have continued to make payments in the amount of $1,981.47 pursuant to the alleged modification agreement.

Plaintiffs allege that the parties entered into a modified agreement when plaintiffs signed the modification application and defendant's agent orally represented that plaintiffs had been approved for a modified mortgage. Plaintiffs argue that defendant should have known that they would rely on the agent's representations, and in fact they did rely on those representations, when they began making modified payments. Therefore, promissory estoppel removes this case from the statute of frauds. Plaintiffs also allege that defendant's continued acceptance of plaintiffs $1,981.47 mortgage payments was partial performance which also as to remove the case from the statute of frauds.

Defendant argues that plaintiffs' breach of contract claim is precluded by the statute of frauds which prohibits oral modifications of mortgage agreements greater than $10,000. Therefore, since there was no writing, signed by both parties, there was no modification contract.

Defendant further argues that promissory estoppel does not apply for two reasons. First, plaintiffs cannot invoke promissory estoppel because they were in default of their own obligations when they failed to make their April and May loan payments and when they failed to provide relevant financial updates to defendants in accordance with their multiple requests. Second, plaintiffs reliance was not justified because the modification application expressly states when and how the modification would become final, namely after review and approval by defendants and the return of a final agreement singed by both parties. Plaintiffs were aware of these requirements and cannot claim that they justifiably relied on the June 13

representation of its agent.

Finally, defendants argue that acceptance of plaintiffs reduced payments does not act as a waiver of the statute of frauds because plaintiffs were under an obligation to make payments to defendant under both the original loan agreement and the alleged modified agreement. Plaintiffs benefitted from defendants acceptance of their reduced payments because otherwise, plaintiffs would have been placed in default. As a result, plaintiffs did not rely to their detriment on any statement by defendants.

## II. Motion To Dismiss Standard

Dismissal is proper when the plaintiffs' complaint fails to state a claim upon which relief can be granted. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

## III. DISCUSSION

A. <u>Defendant's Motion to Dismiss Plaintiffs' Breach of Contract Claims</u>

Defendant's motion to dismiss plaintiffs' breach of contract and promissory estoppel claims is denied because, accepting as true all the factual allegations contained in the

complaint, plaintiffs have alleged facts sufficient to state a claim for which relief may be granted. Plaintiffs allege that the original mortgage agreement was modified when defendant's representative informed them that their application had been approved. Plaintiffs allege that they justifiably relied on representations made by defendant's agent when it did not make its April and May payments under the original agreement and began making payments according to the terms of the modification agreement. Plaintiffs allege that defendant breached the modification agreement when it informed plaintiffs that their modification had not been approved, continued to demand payment under the original loan agreement, attempted to modify the modification agreement through its January 16 letter, and threatened acceleration and foreclosure in its April 4 demand letter.

> Restatement (Second) of Contracts provides that promissory estoppel applies where:
>
> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*See K.C. Props v. Lowell*, 280 S.W.3d 1, 14 (Ark. 2008). Plaintiffs have set for allegations to sufficiently allege promissory estoppel. Defendants contentions that plaintiffs did not rely on its representations and that if plaintiffs did relay, reliance was not justifiable, are issues better taken up at the summary judgment stage or submitted to a jury; however, they are inappropriate to consider on a motion to dismiss. *See Id* (noting that whether there was actual reliance and whether it was reasonable is a question for the trier of act).

Plaintiffs have also plead facts sufficient to withstand a motion to dismiss on their partial performance claim.

B.   Plaintiffs' Motion To Amend

Plaintiffs move to amend their original complaint (Doc. No. 18) and defendant does not oppose the motion. "Rule 15 of the Federal Rules of Civil Procedure allows for the liberal amendment of complaints 'when justice so requires.'" *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 358 F.3d 1086, 1089 (8th Cir. 2004). Plaintiffs' motion to amend is granted.

### III. CONCLUSION

For the reasons stated above defendant's motion to dismiss (Doc. No. 2) is granted as to plaintiffs' FDCPA claims and is denied as to plaintiffs' breach of contract and promissory estoppel claims. Plaintiffs' motion to amend (Doc. No. 9) is granted. Plaintiffs' motion for hearing (Doc. No. 11) is denied.

IT IS SO ORDERED THIS 18th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE